# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

U.S.A. vs.   Felipe Colon                                      Docket No. 3:01CR00002(AWT)

### AMENDED PETITION ON PROBATION AND SUPERVISED RELEASE

**COMES NOW**, Charmaine R. Harkins, presenting an official report upon the conduct and attitude of Felipe Colon who was sentenced to 37 months for a violation of Possession of a Firearm by a Prohibited Person by the Honorable Alvin W. Thompson, United States District Judge, sitting in the court at Hartford, Connecticut on June 29, 2001, who fixed the period of supervised release at three years which commenced on December 24, 2003 and imposed the general terms and conditions theretofore adopted by the court. In addition to the standard conditions of supervision, the following special conditions were imposed: 1) The defendant shall participate in a substance abuse treatment program, either inpatient or outpatient, as directed by the probation officer; the defendant shall pay all or a part of the costs associated with treatment based on his ability to pay, in an amount to be determined by the probation officer; 2) The defendant shall participate in a mental health counseling program, as directed by the probation officer. The defendant shall pay all or a part of the costs associated with treatment based on his ability to pay, in an amount to be determined by the probation officer; 3) The defendant shall participate in educational and/or vocational training at the direction of the probation officer; the defendant shall obtain his GED, if he has not already obtained it; and 4) The defendant shall maintain full-time legitimate employment. Mr. Colon's supervision is expected to terminate on December 23, 2006. Transfer of Jurisdiction was never requested.

### RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT AND FOR CAUSE AS FOLLOWS:

The defendant is being cited for violating the following conditions of supervised release:

<u>Charge No. 1 - Standard Condition: The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician.</u>

Mr. Colon provided positive urine screens on the following occasions: December 29, 2003 (marijuana and cocaine); December 31, 2003 (cocaine); January 22, 2004 (cocaine); June 22, 2004 (marijuana and cocaine) and July 1, 2004 (cocaine).

<u>Charge No. 2 - Standard Condition: The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer.</u>

On July 6, 2004, the defendant failed to report as instructed for a urine screen. The defendant was instructed to report to the probation office on a weekly basis to submit employment verification sheets evidencing employment searches. He has failed to do so. Due to his failure to report as instructed, Mr. Colon is considered to be an absconder by the District of Massachusetts. According to the USPO in Springfield, Mr. Colon was last seen on July 1, 2004 during his office visit. No attempts to conduct a home visit were made following the offender's last office visit.

See attached.

**PRAYING THAT THE COURT WILL ORDER** that this petition will serve as a detainer directing the proper authorities to present Felipe Colon before this court at Hartford, Connecticut on _May 10, 2005_ at _10:00 a.m._ to show cause why supervision should not be revoked.

**ORDER OF COURT**

Considered and ordered this _18th_ day of April 2005 and ordered filed and made a part of the records in the above case.

Sworn to By

_____
Charmaine R. Harkins
United States Probation Officer

_____
Alvin W. Thompson
United States District Judge

Place  Hartford, Connecticut

Date  April 18, 2005

Before me, the Honorable Alvin W. Thompson, United States District Judge, on this _18th_ day of April 2005 at Hartford, Connecticut, U.S. Probation Officer Charmaine R. Harkins appeared and under oath stated that the facts set forth in this petition are true to the best of her knowledge and belief.

_____
Alvin W. Thompson
United States District Judge

Cont. page 2

Also, it is noted that the defendant was released from imprisonment on December 24, 2003. He reported to the Boston U.S. Probation Office and was instructed to report to the Springfield U.S. Probation Office the same date. Mr. Colon failed to report to the probation office as instructed on December 24, 2003. He reported to the U.S. Probation Office for the first time on December 29, 2003.

Charge No. 3 - Special Condition: The defendant shall participate in a substance abuse treatment program, either inpatient or outpatient, as directed by the probation officer. The defendant shall pay all or apart of the costs associated with treatment based on his ability to pay, in an amount to be determined by the probation officer.

Subsequent to the second positive urine screen, the defendant was offered inpatient substance abuse treatment, which he refused. He instead was referred to intensive outpatient treatment at Spectra Services, Inc. On January 22, 2004, the defendant was again offered inpatient treatment after rendering his third positive urine screen. The defendant refused inpatient treatment, denied having a significant drug problem and asked for the opportunity to continue attending the intensive outpatient substance abuse program. In May 2004, Mr. Colon's treatment status at Spectra was put on hold as a result of continued absences. According to his counselor at Spectra, Mr. Colon was put on hold instead of terminated so that he would have the opportunity to re-enroll during the next treatment cycle. The counselor reported that otherwise Mr. Colon would have been suspended from the program and would be subject to a one year waiting period.

Charge No. 4- Mandatory Condition: The defendant shall not commit another Federal, state, or local crime and shall not illegally possess a controlled substance.

On September 3, 2004, Mr. Colon was arrested by the Hartford Police Department for Disorderly Conduct, Misuse of Plates and Operating a Motor Vehicle without Insurance. He was detained at that time.

On September 16, 2004, Mr. Colon was arrested by the Hartford Police Department and charged with Murder, Reckless Endangerment, 1st Degree, Unlawful Discharge of a Firearm, Criminal Use of a Firearm and Criminal Possession of a Firearm, in violation of Connecticut General Statutes 53a-54a, 53a-63, 53-203, 53a-216 and 53a-217.

On March 29, 2005, Mr. Colon plead guilty to Manslaughter with a Firearm, 1st Degree and was sentenced to 18 years in Hartford Superior Court under docket number CR04584-519.

Charge No. 5- Mandatory Condition: The defendant shall not possess a firearm as defined in 18 U.S.C. §921.

As described above, on August 30, 2004, Mr. Colon possessed a firearm which is a violation of the conditions of his supervision.